### HELFAND v. MASKIN.
No. 62-C-9053.

Circuit Court, Dade County.

March 25, 1963.

Henry Norton, Miami, for plaintiff.

John B. Howard, Miami Beach, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

Fannie Helfand brought her complaint for a declaratory decree against Yetta Maskin, and alleged that she was the sister of Louis Maskin, deceased, and that the defendant was his widow; that the defendant and Louis Maskin were married on April 11, 1961, at which time both of them were over the age of 70 years; that on January 1, 1962, Louis Maskin took a life estate in a cooperative apartment (#35) at 260 Ocean Drive, Miami Beach, with the remainder in the plaintiff, his sister, Fannie Helfand; and that a stock certificate was issued by Sholom House, Inc. and a lease, copies of which were attached to the complaint. The stock certificate shows that it was issued to Louis Maskin and Miss Fannie Helfand, for one share of the capital stock for life and upon death to Miss Fannie Helfand and it is dated January 1, 1962. The lease conveys apartment #35, Sholom House, Inc. to Louis Maskin, Miss Fannie Helfand, for life and upon death to Miss Fannie Helfand. The complaint asserts that the plaintiff, since the death of her brother, Louis Maskin, is the sole owner of the cooperative apartment and entitled to exclusive possession thereof.

Yetta Maskin, for answer to the complaint, says that the apartment covered by the lease and the stock certificate constituted the homestead of her deceased husband and herself and as such, it descends to her in fee simple under the constitution of Florida inasmuch as there are no lineal heirs or descendents of Louis Maskin.

The case was heard on the motion of the defendant, Yetta Maskin, for judgment on the pleadings. It is claimed that the cooperative apartment, the ownership and occupation of which is involved in this dispute, is real property and that it was occupied

by Louis Maskin and his wife, Yetta Maskin, as a homestead at the time of his death and descended according to the laws of distribution of Florida, to his widow.

A copy of the opinion of the Attorney General of February 28, 1962, is attached to the motion, which answers this question — *"Should shares of stock or interests in cooperative apartment corporations in this state be assessed for taxation as intangible personal property?"* This wholly avoids the question. Also, the opinion of the Attorney General of April 5, 1961, is submitted. This purports to answer these questions —

"1.  *What are the various cooperative apartment ownership devices in use today?*

"2.  *How may the ownership interests under the various ownerships defined in question one be transferred?*

"3.  *May such ownership interests be willed?*

"4.  *How do such interests pass under the statutes of descent and distribution?"*

In his answer to questions 3 and 4, the Attorney General says —

"3.  The question of the right of an occupant of an apartment, or person entitled to legal possession of an apartment, to dispose of his interest by will would seem to raise serious legal problems where the interest is claimed to be a homestead. Under section 4, article X, of the Florida constitution, an owner of a homestead with children may not dispose of his or her homestead by will; but under section 731.05, Florida Statutes, a homestead may not be willed whether the homesteader has children or not.

"4.  Where the apartment is owned outright by its occupant, who is the head of a family residing in this state, so that it may not be disposed of by a will, it would pass according to our statutes of descent and distribution. Section 731.27, Florida Statutes, provides that where a homesteader is survived by a widow and children, the widow takes a life estate in the homestead and the children take the remainder, share and share alike, the heirs of deceased children taking the interest of such deceased child. Where the title is held in joint tenancy, tenancy-in-common, partnership, or by a trustee or a corporation, questions as to the legal interest of the decedent in the apartment occupied by him may arise and present complicated questions of title, and the actual legal interest of the occupant to the apartment claimed by him."

The court has no quarrel with this opinion, but it does not cover the point involved in this case which is this — *Where an unmar-*

*ried man and his sister purchase a share of stock in a corporation which owns and operates an apartment house, and as a part of the contract take a lease on one of the apartments in the building owned by the company issuing the stock, to the man for life and upon his death to his sister, is the property subject to homestead claims of his widow to whom he was married after the issuance of the stock and the execution of the lease?* The court's answer to this question is in the negative.

The motion for summary judgment on the pleadings of the defendant will therefore be denied as to the defendant and granted as to the plaintiff.